IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| OPHELIA D. JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 20-cv-2107-MSN-tmp |
| | ) |
| POPULOUS GROUP, | ) |
| | ) |
|     Defendant. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a motion to dismiss filed by defendant Populous Group, LLC ("Populous") pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 6, 2021.[1] (ECF No. 13.) Because *pro se* plaintiff Ophelia Jones did not timely respond to the instant motion, the undersigned Magistrate Judge entered an order to show cause directing Jones to respond by August 26, 2021. (ECF No. 17.) To date, Jones still has not responded to the motion. For the reasons below, it is recommended that the motion to dismiss be granted.

    **I.**    **PROPOSED FINDINGS OF FACT**

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

On November 12, 2019, the Equal Employment Opportunity Commission ("EEOC") issued Jones a right to sue letter. (ECF No. 1-1.) Jones filed a *pro se* complaint and motion to proceed *in forma pauperis* on February 11, 2020. (ECF Nos. 1; 2.) The court granted the motion to proceed *in forma pauperis* and ordered that process be served on Populous. (ECF No. 7.) The Clerk's Office issued summons on March 6, 2020. (ECF No. 8.) On May 6, 2020, the summons was returned executed. (ECF No. 9.) Populous did not responded to the complaint. Because it was unclear whether service of process had been properly effected upon Populous, the court entered an order to re-issue and effect service of process on June 3, 2021. (ECF No. 10.) On July 2, 2021, the summons was returned executed and on July 6, 2021, Populous moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 12; 13.) On August 12, 2021, because Jones had not filed a response, the court entered an order to show cause, giving Jones until August 26, 2021 to respond. (ECF No. 17.) As of September 22, 2021, Jones has not filed a response.

Jones brings suit against her former employer, Populous, for employment discrimination in violation of the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 1.) Using a form provided by the Clerk's Office to assist *pro se* litigants asserting employment discrimination claims, Jones checked boxes alleging

termination of her employment and discrimination based on a disability. (Id. at 4.) In the space provided to describe her disability, Jones wrote "had a medical condition [] arise." (Id.) In the section of her complaint devoted to the facts of the case, Jones wrote that on April 20, 2019, she had to be hospitalized because of an unspecified medical condition. (ECF No. 1 at 4.) She informed her supervisor, Aretha Walker, and another Populous employee, Melissa Salatrik, of the "emergency." (Id.) She was subsequently terminated "without any information as to why." (Id.) Jones states, "I worked for the company for several months with no complaints, [or] disciplinary actions. I totally feel that I was discriminated against because of my disability." (Id.) In the relief section, Jones checked the boxes for backpay and compensatory damages. (Id. at 6.) In the spaces provided for a plaintiff to fill in the damages amount, Jones wrote "negotiable." (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the court views the allegations in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

the claim." Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). To satisfy this requirement, plaintiffs must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (alteration omitted) (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Thomas, No. 16-1330, 2019 WL 1905166, at *1 (W.D. Tenn. Apr. 29, 2019); Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the

Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   ADA Claim**

Title I of the ADA prohibits employers from discriminating against a qualified individual because of a disability. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.2(b), (e). To state a claim of discrimination under the ADA, Jones must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she would not have been discharged but for the disability. Darby v. Childvine, Inc., 964 F.3d 440, 444 (6th Cir. 2020); Lewis v. Humboldt Acquisition Corp., 681 F.3d 312, 321 (6th Cir. 2012) (en banc).

Populous argues that Jones has failed to plead facts that support the essential elements of her claim, namely that she failed to allege that she has a condition that qualifies as a disability under the ADA. Section 12102(1)(A) and its supporting regulations broadly define the term "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment;

or (C) being regarded as having such an impairment." A "Physical or mental impairment" is defined in federal regulations to include "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems." 29 C.F.R. § 1630.2(h)(1). "Substantially limits" is a relative term, one defined in relation to a person's ability to perform a major life activity "as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). An impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." Id. "Major life activities" include among other things, caring for oneself, performing manual tasks, and interacting with others. 29 C.F.R. § 1630.2(i)(1)(i), (2).

Here, there are insufficient facts to plausibly establish that Jones has a disability under the ADA. Broom v. River Waffles, LLC, No. 08-2881, 2009 WL 10700608, at *2 (W.D. Tenn. June 17, 2009) (granting motion to dismiss ADA claim because the plaintiff had not sufficiently alleged he was disabled; at most, he had only "shown that he has had various medical problems and was absent from work due to those problems"). "The Sixth Circuit has directed plaintiffs, at the pleading stage, to identify the 'particular impairment' alleged." (Id.)(citing EEOC v. J.H. Routh Packing Co.,

246 F.3d 850, 854 (6th Cir. 2001)). Jones claims that "[she] encountered a medical condition that cause[d] [her] to be hospitalized." (ECF No. 1 at 4.) However, there is no other information in the complaint to support the claim that this unknown medical condition qualifies as a disability under the ADA, that the condition has limited her ability to perform "major life activities," or that Jones was terminated because of the condition.

Plaintiff's mere factual allegation that she was "hospitalized" is not sufficient to establish that she is disabled under the ADA. A hospital stay alone, without more, does not amount to a disability. See, e.g., Plant v. Morton Int'l, Inc., 212 F.3d 929, 938 (6th Cir. 2000) (affirming grant of summary judgment because plaintiff's brief hospital stay and diagnosis with contusions and strain was insufficient to establish a disability under the ADA); Simkins v. Specialty Envelope, Inc., No. 95-3370, 1996 WL 452858, *6 (6th Cir. 1996) (affirming summary judgment because a hospitalization for a major depressive episode did not constitute a disability under the ADA as it was "only a temporary, non-chronic impairment").

Plaintiff's assertion that she is disabled without supporting facts is insufficient to establish the *prima facie* elements of her cause of action, and thus, does not survive a motion to dismiss. See Fritz, 592 F.3d at 722 (quoting Iqbal, 556 U.S. at 677); Broom,

2009 WL 10700608, at *2 (granting motion to dismiss under the ADA when plaintiff only stated he was "disabled" and "under a doctor's care" without additional facts). Accordingly, it is recommended that the complaint be dismissed for failure to state a claim.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 22, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**